IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : : : : : : | No. 09-CV-913 |
| Plaintiff | : : | JUDGE SYLVIA H. RAMBO |
| v. | : : | |
| ATLANTIC RICHFIELD COMPANY, | : : : : | |
| Defendant | : | |

# **M E M O R A N D U M**

Before the court is Lockheed Martin Corporation's ("LMC") motion for leave to intervene in the captioned case for the purpose of opposing a Consent Decree pending before the court between current Plaintiff and Defendant. (Doc. 8.) LMC filed this motion pursuant to Federal Rule of Civil Procedure 24, the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(i), and Local Rule 7.1. Plaintiff filed a response to LMC's motion (Doc. 14), to which LMC replied (Doc. 15).[1] The motion is now ripe for disposition.

## **I.         Background**

On April 30, 2009, Plaintiff, the Pennsylvania Department of Environmental Protection ("PADEP"), filed a complaint in this court against LMC.

---

[1] Defendant, Atlantic Richfield Company, certified to LMC counsel that Defendant:

> does not object to LMC's intervention for the limited purpose of LMC entering its objections to the proposed Consent Decree based on a review of DEP's records; [Defendant] does object, however, to becoming involved in discovery directed towards it or any litigation that would generate costs and deprive [Defendant] of the benefit of its bargain.

(Doc. 7 at 2.)

(No. 09-cv-821, Doc. 1.) Subsequently, on May 15, 2009, PADEP filed the current complaint against Defendant, Atlantic Richfield Company ("ARCO"). (No. 09-cv-913, Doc. 1.) Both complaints concern the cleanup of radioactive materials kept at the Quehanna Nuclear Reactor Facility ("Quehanna Site") located in Clearfield County, Pennsylvania. (Doc. 8 at 2; 39 Pa. Bull. 3137 (June 20, 2009).)

The Quehanna Site has been mostly owned and operated by the Commonwealth since the 1950s. 39 Pa. Bull. 3137 (June 20, 2009). Various companies have conducted activities at the Quehanna Site relating to the processing, storage, handling, and remediation of radioactive materials. *Id.* LMC and ARCO are two of the companies involved in using radioactive material on the Quehanna Site. During the period beginning in the 1950's and ending sometime in the early 2000's, large amounts of strontium-90 ("Sr-90") and cobalt-60 ("Co-60") were stored at the Quehanna Site.[2] *Id.*

For the past fifteen years, PADEP has been working to cleanup the Quehanna Site and has expended over $30 million in these efforts. *Id.* In 2003 and 2004, the United States agreed to reimburse the Commonwealth for $10 million of the Commonwealth's cleanup expenditures. The Commonwealth subsequently filed suit against ARCO and LMC for $1,450,000 and $20 million respectively. *Id.*

On June 19, 2009, PADEP filed a notice of proposed Consent Decree with ARCO in the Pennsylvania Bulletin. 39 Pa. Bull. 3137 (June 20, 2009). The terms of the Consent Decree indicate that ARCO will reimburse the Commonwealth for $995,000 worth of the Quehanna Site cleanup expenditures, and also ARCO "receives contribution protection and cannot be sued by any other entity with respect

---

[2] The facts are somewhat in dispute as to which companies used which of these chemicals and at what times. However, this is not an issue that needs to be answered in order to resolve the current motion pending before the court. As such, the court will not address this issue further at this stage in the litigation.

to the Commonwealth's cleanup expenditures." *Id.* Following this notice, a sixty day comment period was set during which interested persons could submit written comments on the proposed Consent Decree to the PADEP. *Id.*

## II.     Discussion

### a. Standard

LMC seeks intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) and § 113(i) of CERCLA, or alternatively permissive intervention under Federal Rule of Civil Procedure 24(b).

LMC claims they may have established intervention of right under Rule 24(2), which reads:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). LMC further claims that § 113(i) of CERCLA gives them a concurrent right to intervene. Section 113(i) provides:

> (i) Intervention
> In any action commenced under this chapter . . . in a court of the United States, any person may intervene as a matter of right when such person claims an interest relating to the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest, unless the President or the State shows that the person's interest is adequately represented by existing parties.

42 U.S.C. § 9613(i).

The language in § 113(i) is nearly identical to Rule 24(a)(2), and courts have applied the same test to determine if intervention is proper under either of these

3

statutes.[3] *United States v. Alcan Aluminum. Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994). The test is not complicated, and a party may intervene if all four parts of either statute are satisfied. Therefore for a motion to intervene to succeed under Rule 24(a)(2) or § 113(i) it must be shown that:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Id.*; *United States v. Acton Corp.*, 131 F.R.D. 431, 433 (1990).

The government argues, without citing to any statutory or case law, that LMC must prove that it is either an appropriate Plaintiff or Defendant in this case. However, this is not the language used by either statute, or by the courts who have interepreted Rule 24 and CERCLA intervention claims. The proper standard for determining whether the motion should be granted is the four-part test outlined above, not simply whether LMC has "demonstrated that it is either an appropriate plaintiff or an appropriate defendant in this action." (Doc. 14 at 1.) The Commonwealth fails to refute any of the arguments made by LMC as to why intervention is proper under either Rule 24(a)(2) or CERCLA; rather, the Commonwealth simply asserts that LMC has failed to show that they are an "appropriate party in this litigation." Because the Commonwealth has failed to even acknowledge, much less refute the Rule 24 and CERCLA criterion, the court if left with only the arguments provided by LMC which, as explained below, show they have established a right to intervene.

---

[3] The one difference between the tests centers around the burden of showing if a applicant's interest is adaquately represented. Under Rule 24(a)(2) the burden remains on the applicant, under CERCLA, it is up to the existing parties to show that the applicant's interest are already represented. However, CERCLA does not prevent intervention under 24(a)(2), and because, as discussed *infra*, LMC has satisfied all Rule 24(a)(2) requirements, this issue need not be addressed further. *Alcan*, 25 F.3d at 1181, n. 9; *Acton*, 131 F.R.D. at 433.

There is no question the motion is timely, the consent decree was entered into in July, the same month this motion was filed, and no further litigation has taken place in this matter. In fact, ARCO has been granted a stay to file an answer pending the disposition of the Consent Degree, which may be affected by this motion. In addition, LMC has a sufficient interest in the outcome of the Consent Decree which may be affected or impaired. Specifically, if the Consent Decree is granted, LMC will be prevented from collecting any potential contribution from ARCO should ARCO later be found liable to LMC. Finally, neither of the existing parties in the dispute adequately represents the interest of LMC.[4] The government has an interest in optimizing reimbursement for cleanup costs and ARCO has an interest in limiting their own liability. It cannot be argued that either of these interests coincide with LMC. As such, LMC has established they have a right to intervention under Rule 24(a)(2) or § 113(i) of CERCLA.[5]

---

[4] PADEP claims that LMC's interest are adequately represented by the notice and comment period provided for in the Pennsylvania Bulletin. However, courts have held that the public comment period is not the appropriate analysis by which to determine if intervention in litigation is appropriate because Rule 24 requires "adequate representation" by "existing parties," in this case no existing party adequately represents LMC. *See United States v. Union Elec. Corp.*, 64 F.3d 1152, 1169 (8th Cir. 1995); *Alcan*, 25 F.3d at 1186, n. 17; *Acton*, 131 F.R.D. at 436.

[5] Because the court finds that LMC has established intervention as of right under Rule 24(a)(2), it need not analyze whether LMC has established permissive joinder under Rule 24(b).

**III. Conclusion**

        LMC timely filed its motion, LMC has a sufficient interest in the litigation, its interest may be affected or impaired by the proposed Consent Decree, and LMC's interest is not adequately represented by any existing party in the litigation. Therefore, LMC's motion to intervene will be granted. An appropriate order will be issued.

                                                  S/Sylvia H. Rambo
                                                  United States District Judge

Dated: September 16, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION,** : No. 09-CV-913 | |
| Plaintiff : **JUDGE SYLVIA H. RAMBO** | |
| v. : | |
| **ATLANTIC RICHFIELD COMPANY,** : | |
| Defendant : | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Lockheed Martin Corporation's Motion to Intervene (Doc. 7), is hereby **GRANTED**.

Dated: September 16, 2009.

S/Sylvia H. Rambo
United States District Judge